UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL LANG,

                                    Plaintiff,

    vs.                                                            9:17-CV-56
                                                                             (GTS/ATB)

SERGEANT RIEL, et al.

                                  Defendant.
_____

MICHAEL LANG, Plaintiff pro se
RYAN W. HICKEY, ESQ. for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). In this pro se civil rights complaint, plaintiff alleges that, while incarcerated in the Bare Hill Correctional Facility ("Bare Hill"), his Eighth Amendment rights were violated when defendants Riel, Newcombe, and two other unidentified correctional officers used excessive force against him, and defendant Juneau deprived him of meals. (Dkt. No. 1, "Compl."). Judge Suddaby dismissed several other defendants and insufficient claims on March 14, 2017. (Dkt. No. 7).

Presently before the court is a motion to dismiss plaintiff's complaint based on a failure to prosecute pursuant to Fed. R. Civ. P. 41(b), filed by the three remaining defendants. (Dkt. No. 22). Plaintiff has not responded to this motion, and for the following reasons, this court agrees with the defendants and will recommend dismissal of the complaint.

**I.      Relevant Facts and Procedural History**

I will briefly review the facts relevant to this proceeding, as described in Judge Suddaby's March 14, 2017 Decision and Order. (Dkt. No. 7).  Plaintiff asserted in his January 20, 2017 complaint that, while being placed in the special housing unit ("SHU") at Bare Hill on July 26, 2016, plaintiff was assaulted in two separate incidents by four correctional officers: defendants Sgt. Riel, C.O. Newcombe, C.O. "Doe," and C.O. "Roe."  (Compl. at 7).  Following the second assault, the defendants placed plaintiff in mechanical restraints which caused severe bruising. (*Id*.)  In a separate claim, plaintiff alleged that a different correctional officer, defendant C.O. Juneau, deprived plaintiff of "all meals" on August 4, 2016. (Compl. at 8).  When he filed the complaint, plaintiff was housed at the Washington Correctional Facility. (Compl. at 1).

Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 2).  The Local Rules of Practice for the Northern District of New York require all inmates seeking IFP status to submit a completed and signed IFP Application, which includes a certification by an appropriate official at their facility regarding their inmate account balance, along with a signed Inmate Authorization Form. 28 U.S.C. § 1915(a)(1), (2); Local Rules N.D.N.Y. 5.4(b) (1)(A), (B).  The IFP application included with plaintiff's complaint was not certified.  Accordingly, Judge Suddaby ordered that plaintiff's IFP application be denied as incomplete, and that the action be administratively closed on January 23, 2017. (Dkt. No. 4).  Plaintiff was ordered to either pay the full filing fee or submit a completed and signed IFP application that had been properly certified within thirty days in order for the Clerk to reopen the action. (*Id*. at 2).

On February 8, 2017, plaintiff timely filed a completed IFP application. (Dkt.

2

Nos. 5, 6). The Clerk reopened the action, and it was restored to the active docket. (Dkt. No. 6). In his March 14, 2017 order, Judge Suddaby granted plaintiff's motion for IFP status. (Dkt. No. 7, at 2). In the same order, Judge Suddaby also considered the sufficiency of the complaint, in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. §1915A(b). (Dkt. No. 7, at 2-12). Based on this review, the Court required a response to plaintiff's excessive force claims against defendants Sgt. Riel, C.O. Newcombe, C.O. "Doe," and C.O. "Roe," as well as the separate claim that defendant C.O. Juneau denied plaintiff his meals in violation of the Eighth Amendment. (Dkt. No. 7, at 6-8, 10-11).

Judge Suddaby ordered the United States Marshals Service ("Marshals") to complete service of process upon the defendants identified in the complaint. (Dkt. No. 7). In accordance with the Second Circuit's instruction in *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), and in recognition of the difficulty that plaintiff would likely have in identifying the "Doe" and "Roe" defendants in his complaint, Judge Suddaby also requested that the New York State Attorney General's Office attempt to ascertain the full names of those defendants, as well as the addresses where those individuals could be served with process. (Dkt. No. 7, at 12-13). This information was to be provided to plaintiff at his address of record, as well as the Clerk.

As part of this Order, Judge Suddaby also advised plaintiff that he was "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action. . ." (Dkt. No. 7, at 15).

3

**II.    Motion to Dismiss**

    A.    Legal Standards

        1.    **Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. "The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added) (collecting cases).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme

situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

    **B.**    **Application**

A copy of the Court's March 14, 2017 Decision and Order was served by regular mail at plaintiff's last known address, the Washington Correctional Facility. (Dkt. No. 7). On March 20, 2017, it was returned as undeliverable, with a notation indicating that plaintiff had been released on parole. (Dkt. No. 9). Records from the New York State Department of Corrections and Community Supervision, provided in support of defendants' motion, show that plaintiff was conditionally released on parole on March 6, 2017. (Dkt. No. 22-3, Hickey Decl., Ex. B). Plaintiff never notified the Clerk of his new address.

On March 30, 2017, the Marshals completed service of process on defendants Riel and Newcombe. (Dkt. Nos. 10, 11). On April 17, 2017, the Marshals completed service of process on defendant Juneau. (Dkt. No. 13). On April 18, 2017, I granted those three defendants' request to adjourn their deadline to answer until May 22, 2017. (Dkt. No. 17). A copy of my order was sent to plaintiff by regular mail. (*Id.*) Because plaintiff had still not advised the Clerk of his current address, this correspondence was returned to the court as undeliverable. (Dkt. No. 20).

In compliance with Judge Suddaby's March 14, 2017 Decision and Order, the New York State Attorney General's Office mailed documents to plaintiff on or about April 13, 2017, which contained information that could assist him in identifying the "Doe" and "Roe" defendants. (Dkt. No. 14). A copy of this correspondence was filed with the Clerk on April 17, 2017. (*Id.*). In light of this information, I issued an order on April 19, 2017 instructing plaintiff to review the documents and, to the extent that the "Doe" and "Roe" defendants could be identified, to prepare an amended complaint for

review by the Court. (Dkt. No. 19). This order was mailed to plaintiff's last known address. (*Id.*) Because plaintiff had still not updated his contact information with either opposing counsel or the Clerk, the documents from the New York State Attorney General's Office and my April 19, 2017 order were returned as undeliverable. (Dkt. No. 21; Dkt. No. 22-4). On May 22, 2017, defendants Riel, Newcombe, and Juneau filed this motion to dismiss for failure to prosecute. (Dkt. No. 22).

Plaintiff has not provided any correspondence or other communication to the Court or the Clerk since filing his corrected motion for IFP status on February 8, 2017. (Dkt. No. 5). Plaintiff not only failed to fulfill his obligation to notify the court of any change in address, but he has also made no inquiries about his request for IFP status or the sufficiency of his complaint. This court may reasonably presume that plaintiff has lost interest in pursuing this action. *See* Local Rules N.D.N.Y. 41.2(a) ("plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution").

In his March 14, 2017 Decision and Order, Judge Suddaby warned plaintiff of the duty to notify the Clerk of any change in his address, but this warning was returned as undeliverable. (Dkt. No. 9). Indeed, all of the court and defense counsel's communications to plaintiff's last known address have been returned as undeliverable since plaintiff's release from custody on March 6, 2017. This presents an obvious, interminable impediment to this case going forward, resulting in prejudice to the defendants.

This case cannot proceed without plaintiff's participation. This court, therefore, recommends dismissal of plaintiff's complaint because he has failed to notify the court of his change of address, or otherwise have any communication with the court or

6

defense counsel for almost six months. Neither the court nor defense counsel should be responsible for locating plaintiff when he has obviously lost interest in the outcome of this case. I have considered lesser sanctions, but find that none will solve the problem. An order directing plaintiff to update his address would be futile, given that such an order would most likely never reach him. Plaintiff is proceeding IFP, thus, monetary sanctions will be unrecoverable and ineffective. The only recourse for this court is to recommend dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendant's motion to dismiss for failure to prosecute (Dkt. No. 22) be **GRANTED**, and the complaint be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:     July 25, 2017

*[signature: Andrew T. Baxter]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge